UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MARIE GIBSON, )<br>)<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>AGAPE SENIOR CENTER, LLC d/b/a )<br>AGAPE SENIOR COMMUNITY, INC. )<br>d/b/a AGAPE ASSISTED LIVING OF )<br>ROCK HILL, INC. d/b/a AGAPE SENIOR )<br>POST-ACUTE CARE CENTER OF )<br>ROCK HILL, )<br>)<br>      Defendant. )<br>_____ ) | Civil Action No.: 0:14-cv-4643-MBS-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This is an employment case. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., alleging discrimination based on sex and retaliation as a result of her complaints to that end. Presently before the court is Defendant's Motion to Dismiss (Document # 6). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges that "Defendant Agape Senior, LLC and those entities named herein (d/b/a Agape Senior Community Inc. d/b/a Agape Assisted Living of Rock Hill of Rock Hill, Inc., d/b/a Agape Senior Post-Acute Care Center of Rock Hill) are part of a common enterprise of inter-connected businesses primarily engaged in the nursing home, assisted living, and hospice care business." Complaint ¶ 2. She further alleges that "Defendant employed Plaintiff in Rock Hill, South Carolina." Complaint ¶ 3. She alleges that she worked as a Certified Nursing Assistant for

Defendant for approximately three years and performed her job in a competent, if not better than competent, manner. Complaint ¶¶ 8-9. In spring or early summary of 2013, Plaintiff began experiencing hostile behavior from a co-worker, Justin Singletary, who showed Plaintiff a note that said "go die bitch," made sexual comments to her and asked her to come to his house to have sex with him. Complaint ¶¶ 10-11. Plaintiff reported Singletary's behavior to the human resources department and was thereafter required to sign a disciplinary write-up accusing her of not working well with others. Complaint ¶ 11. When Plaintiff attempted to follow up on her complaints with her supervisor, Kim Sexton, Sexton would not return her calls, but Plaintiff was told that Sexton stated she just needed to get over it. Complaint ¶ 13. Singletary warned Plaintiff that she needed to shut her mouth or he had friends who would shut it for her. Complaint ¶ 14. Plaintiff again informed human resources of Singletary's comment, and she was told that they would make sure she did not have to see Singletary other than the occasional meeting or gathering. Complaint ¶ 15. Thereafter, Plaintiff was warned by co-workers on more than one occasion that Defendant was trying to terminate her. Complaint ¶¶ 16-17. Approximately two months after Plaintiff's complaint about the "shut her mouth" warning, Plaintiff's employment was terminated. Complaint ¶ 18.

### III.   STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal

conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.   DISCUSSION**

Defendant argues first that Plaintiff fails to state a claim upon which relief may be granted because she fails to put Defendant on notice as to which entity named in the caption actually engaged in the alleged discriminatory and retaliatory conduct. Defendant argues that Plaintiff's complaint is inconsistent because, in the caption, she uses the plural "Defendants," yet she refers to "Defendant" in the singular throughout her complaint. Defendant asks the court to take judicial notice of the South Carolina Secretary of State's records indicating that Agape Senior, LLC, Agape Senior Community Inc., and Agape Assisted Living of Rock Hill, Inc. are separate, duly formed entities in good standing under South Carolina, and that the records show no entity named Agape Senior Post-Acute Care Center of Rock Hill.[1]  See Secretary of State Records (Ex. to Defendants'

---

[1] In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "may properly take judicial notice of matters of public records." Secretary of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir.2007) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir.2004)).

Motion). Thus, Defendant argues, because Plaintiff has not specifically set forth which of these separate entities engaged in the alleged wrongful conduct, none of them are on notice of the claims pending against them. However, reading the complaint as a whole reveals that Plaintiff has named one Defendant, Agape Senior, LLC, doing business as the other four entities named in the caption. Plaintiff's use of the plural "Defendants" once in the complaint is insufficient to support Defendant's argument that it was not on notice of the claims against it. Any further clarification can be accomplished through the discovery process. Therefore, this argument is without merit.

Defendant also argues that Plaintiff has failed to allege facts sufficient to state a claim for gender discrimination under Title VII. To establish a prima facie case of gender discrimination, a plaintiff must show (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) similarly-situated employees outside the protected class received more favorable treatment. White v. BFI Waste Services, LLC, 375 F.3d 288, 295 (4th Cir.2004). The fourth element can also be met by showing other circumstances giving rise to a reasonable inference of unlawful discrimination. Miles v. Dell, Inc., 429 F.3d 480, 486–87 (4th Cir.2005). Defendant argues that Plaintiff fails to specifically allege that her adverse employment action, the termination, was because of her sex or identify a similarly situated employee outside her protected class who received more favorable treatment. However, Plaintiff alleges that she performed her job in a competent manner, that she was subjected to sexual and threatening comments from a male co-worker, and her employment was terminated. She also alleges that she was subjected to disparate terms and conditions of employment in comparison to similarly situated male employees, but does not specifically name the male employee. Plaintiff argues that the reasonable inference to be made is that the male employee is Singletary, the harassing

-4-

co-worker. She also argues that the other circumstances she alleges, that is the sexually harassing behavior, gives rise to an inference of unlawful discrimination. Although Plaintiff has pleaded some elements of her claim with more specificity than others, she has presented sufficient factual matter to state a claim to relief that is plausible on its face. As such, dismissal of Plaintiff's gender discrimination claim is not appropriate.

**V.     CONCLUSION**

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 6) be denied.

                                                  s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

March 12, 2015
Florence, South Carolina