**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

Marie Gibson,                              )
                                           )
                    Plaintiff,             )          C/A No. 0:14-cv-4643-TER
                                           )
        v.                                 )
                                           )          **ORDER AND OPINION**
Agape Senior, LLC d/b/a/ Agape            )
Senior Community Inc. d/b/a Agape         )
Assisted  Living of Rock Hill, Inc.       )
d/b/a Agape Senior Post-Acute Care        )
Center of Rock Hill,                       )
                                           )
                    Defendant.             )
_____)

Plaintiff Marie Gibson ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, alleging gender discrimination and retaliation against Defendant Agape Senior, LLC ("Defendant").  Plaintiff was employed by Defendant in Rock Hill until her termination in August 2013.  ECF No. 1 at 3, ¶ 18.

## I. Background

This matter is before the court on motion of Defendant to dismiss for failure to state a claim upon which relief can be granted, filed on December 31, 2014.  ECF No. 6.  Plaintiff filed a response in opposition on January 20, 2015.  ECF No. 8.  In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation.  The Magistrate Judge filed a Report and Recommendation on March 12, 2015.  ECF No. 10.  The Magistrate Judge found that, although certain parts of the Complaint contained more detail than others, Plaintiff presented "sufficient factual matter to state a claim to relief that is plausible on its face."  *Id.*  Accordingly, the Magistrate

1

Judge recommended that Defendant's motion to dismiss be denied. *Id*. Defendant filed an objection to the Report and Recommendation on March 26, 2015. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

## II. Legal Standard

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. ECF No. 6. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). Complaints that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are inadequate. *Twombly*, 550 U.S. at 555.

"Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 663. "In addition, although [the court] must view the facts alleged in the light most favorable to the plaintiff, [the court] will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'" *Nathan*, 707 F.3d at 455 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). The court must treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

### III. Discussion

Defendant objects to the Magistrate Judge's conclusion that Plaintiff pleaded sufficient facts to establish a *prima facie* case of gender discrimination. Defendant contends that "Plaintiff failed to allege any fact, besides a threadbare recital in paragraph 22 [of the complaint], that gender played any role in her termination" or that she was "treated differently from similarly situated male employees." ECF No. 11 at 3. To establish a *prima facie* case of gender discrimination Plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). As the Magistrate Judge noted, Plaintiff alleges that she performed her job competently (¶ 9), that she was the subject of sexual and threatening comments from a male co-worker (¶ 11), that she was "subjected to disparate terms and conditions of employment in comparison to similarly situated male employees, on the basis of her gender" (¶ 21),[1] that she was terminated (¶ 18), and that her gender was "a motivating factor" for her termination (¶ 22). ECF No. 1. The court concludes that, taken

---

[1] As the Magistrate Judge observed, the Complaint gives rise to an inference that the "similarly situated male employee" referenced in the Complaint was the male co-worker who made the sexual and threatening comments.

as a whole, the Complaint presents sufficient factual matter to constitute a plausible claim to relief.

The court, therefore, adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. The court **denies** Defendant's motion to dismiss the Complaint for failure to state a claim (ECF No. 6).  The matter is recommitted to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**


 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

April 6, 2015
Columbia, South Carolina